UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SAMUEL MONTRONDE,<br><br>Defendant. | Crim. No. 23-10079-FDS |

**OPPOSITION TO MOTION TO CONTINUE TRIAL DATE**

Less than two weeks before the scheduled trial date—which has been set for over five months, following a prior multi-month continuance over the government's objection—the defendant moves to continue. He does so purportedly because the government listed his co-conspirator, Priya Bhambi on its witness list, and because of the volume of materials produced by Takeda in searchable format—materials that were produced in an attempt to narrow the issues surrounding Montronde's wildly overbroad Rule 17(c) subpoena. The motion to continue should be denied.

First, it is hardly surprising that Bhambi appears on the government's witness list. She is a co-defendant and a co-conspirator, as evidenced by the face of the charging documents filed nearly two years ago. Second, counsel for Bhambi informed the government approximately 36 hours ago that she intended to invoke her spousal privilege.[1] This morning, the government was in the process of drafting a notice concerning the same, along with a request that the Court order Bhambi to appear pre-trial to invoke spousal privilege on the record outside the presence of the

---

[1] It is unclear whether he informed Montronde's counsel of the same, but in any event, it is the government's understanding that Montronde and Bhambi's counsel have been in recent contact.

jury. The defendant's motion to continue was filed without discussion. If raised, the government would have informed defense counsel of the same.[2]

Second, it is important to put the materials recently produced by Takeda in context. Takeda's motion to quash highlights the extent to which the defendant's Rule 17(c) subpoena was overbroad and unreasonable. For example, while the defendant certainly wasn't entitled to every single text message sent by Bhambi to anyone, he received it regardless. The government need not rehash Takeda's position here. *See* Dkt 160.

As the Court and defense counsel know, trial proceedings and preparation are by nature fluid. Anticipated defenses and trial strategies are by nature frequently evolving. The Court has repeatedly stated its intent to keep the December 2 trial date as scheduled. Nothing has changed since then. There is no basis to continue the trial, and the Court should deny the defendant's meritless motion.

                                        Respectfully submitted,

                                        JOSHUA S. LEVY
                                        Acting United States Attorney

                                        */s/ Mackenzie A. Queenin*
                                        LESLIE A. WRIGHT
                                        MACKENZIE A. QUEENIN
                                        Assistant United States Attorneys

---

[2] The government previously informed Montronde's counsel that it had not made a determination as to whether to call Bhambi, as is customary in preparing for trial and making strategic decisions about the presentation of evidence. That email correspondence on that topic occurred prior to learning she intended to invoke spousal privilege.

**CERTIFICATE OF SERVICE**

      I, Mackenzie A. Queenin, hereby certify that this document was this day filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

Date: November 20, 2024                                   */s/ Mackenzie A. Queenin*
                                                                    Mackenzie A. Queenin