UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.                                        Case No. 23-cr-10079-FDS-2

SAMUEL N. MONTRONDE

**DEFENDANT'S MOTION IN LIMINE
TO PRECLUDE WITNESS TESTIMONY AND EMAILS
ON THE ULTIMATE ISSUE**

The defendant expects the Government to offer the testimony of Salem Credit Union ("SCU") Chief Risk Officer William Moore, that he recognized and alerted both his bank and Takeda to what he believed was fraudulent activity, based on the amount of two ACH credit payments transactions from Takeda to Samuel Montronde's account at SCU.[1] The Government has recently provided copies of emails to and from Mr. Moore and Takeda (dated 06/23/2022) (Exhibit 1), and to and from Mr. Moore and SCU branch manager Christine DaSylva (dated 06/24/2022) (Exhibit 2), which show Moore's opinion that there was a "potential fraud event" that raised "red flags."

Any such testimony is speculative and prejudicial. The issue at trial is whether Samuel Montronde, in fact, committed wire fraud. Thus, testimony or evidence in the form of emails that Mr. Moore considered the activity suspicious and fraudulent would be regarding the ultimate issue for the jury.

Defendant does not object to evidence that Mr. Montronde closed the SCU

---

[1] Takeda reported back that it was not fraudulent activity and that the funds were knowingly and legally wired to SCU.

account and shifted the money to Santander bank. However, this information is apparent through bank records and documents.

**<u>Lay Opinion</u>**

The Federal Rules of Evidence allow lay opinion to be admitted only upon the satisfaction of two conditions. First, the proffered opinion cannot be grounded in scientific, technical, or specialized knowledge, but rather must be "rationally based on the perception of the witness." Fed. R. Evid. 701. Second, the opinion must be "helpful to the jury in acquiring a 'clear understanding of the witness's testimony or the determination of a fact in issue.'" <u>United States v. Flores-de-Jesus</u>, 569 F.3d 8, 20 (1st Cir. 2009) (quoting Fed. R. Evid. 701).

Lay opinion will fail this second, "helpfulness" requirement "when the jury can readily draw the necessary inferences and conclusions without the aid of the opinion." <u>Lynch v. City of Boston</u>, 180 F.3d 1, 17 (1st Cir. 1999) (citing 7 J. Wigmore, <u>Evidence</u> §§ 1917-18); <u>see also United States v. Meises</u>, 645 F.3d 5, 16 (1st Cir. 2011) ("The nub of [the helpfulness] requirement is to exclude testimony where the witness is no better suited than the jury to make the judgment at issue, providing assurance against the admission of opinions which would merely tell the jury what result to reach." (citations omitted) (internal quotation marks omitted)).

Mr. Moore's opinion testimony cannot meet the "helpfulness" requirement. The central issue in Montronde's trial is whether or not he committed fraud. In asking Mr. Moore to state whether he believed Montronde committed fraud, the Government will effectively be inviting the witness to express an opinion on the ultimate issue in the case.

"It is true that there is no categorical bar to such 'ultimate issue' opinion testimony. See Fed. R. Evid. 704 (a). However, lay opinion testimony on the ultimate issue in a case must satisfy Rule 701's helpfulness requirement, and seldom will be the case when a lay opinion on an ultimate issue will meet the test of being helpful to the trier of fact since the jury's opinion is as good as the witness'[s]." United States v. Sanabria, 645 F.3d 505, 516 (1st Cir. 2011) (citations omitted) (internal quotation marks omitted)).

Here the jury is in as good a position as Mr. Moore to determine whether the amount and timing of the ACH transactions were legitimate, and his speculative opinion will not be helpful to them.

**Expert Opinion**

To the extent Mr. Moore's opinion is based upon technical or specialized knowledge, then it is expert testimony.  The defendant further moves the Court for the entry of an order foreclosing the Government from presenting evidence through Mr. Moore that Montronde committed fraud.  As reason therefore, that is an element of the crimes charged, and is therefore an ultimate issue to be decided by the trier of fact.  United States v. Henry, 848 F.3d 1, 11 (1st Cir. 2017), Fed. R. Evid. Rule 704(b).

WHEREFORE, Defendant Montronde moves this Honorable Court to preclude testimony by Mr. Moore, or emails written or received by him, that he suspected and reported fraud.

SAMUEL N. MONTRONDE.
By his attorney,

/s/ MARK W. SHEA                              Dated: November 20, 2024
Mark W. Shea
SHEA and LaROCQUE, LLP
88 Broad Street, Suite 101
Boston MA  02119
(617) 577-8722
markwshea@shearock.com

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 20, 2024

/s/ Mark W. Shea
Mark W. Shea