UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES

v.                                               Dkt. No. 23-cr-10079-FDS

SAMUEL MONTRONDE

**Defendant Samuel Montronde's
Motion for Disclosure of Priya Bhambi's Presentence Report**

Now comes defendant Samuel Montronde, by and through undersigned counsel, and hereby moves that this Honorable Court grant his motion for the production of the presentence report ("PSR"), including objections, for the co-defendant, Priya Bhambi. As grounds for this motion, Mr. Montronde's counsel states as follows:

Bhambi is expected to play a key part in the government's evidence against Mr. Montronde.

**The Law**

Rule 32(c) of the Federal Rules of Criminal Procedure provides that PSRs in criminal cases are to be disclosed to the defendant and his counsel, but the rule is silent on the issue of third party disclosure. The few cases on the subject have generally held that the defendant must make a strong showing that disclosure is in the interest of justice in order to override the court's interest in the confidentiality inherent in PSRs. United States Dep't. of Justice v. Julian, 486 U.S. 1, 12 (1988). A

number of federal Courts of Appeals have adopted the "compelling need" test for disclosure of presentence investigation reports, under which the confidentiality of the presentence report may be breached only where a movant shows a "compelling need for disclosure." United States v. Charmer Indus., Inc., 711 F.2d 1164, 1176 (2d Cir. 1983). Accord United States v. Huckaby, 43 F.3d 135, 138 (5th Cir. 1995); United States v. Corbitt, 879 F.2d 224, 239 (7th Cir. 1989). Another has held that presentence reports should be disclosed where such disclosure is required to "meet the ends of justice." United States v. Figurski, 545 F.2d 389, 391 (4th Cir. 1976).

Trial courts have broad discretion in determining whether portions of PSRs should be disclosed to third parties. United States v. Gomez, 323 F.3d 1305, 1307 (11th Cir. 2003).

**The Test For Disclosure**

While the threshold for determining compelling need is fact specific, the Seventh Circuit's rule that the standard is met when the movant requires the information in the PSR "to impeach a witness, or to establish an affirmative proposition." United States v. Corbitt, 879 F.2d 224, 239-240 (7th Cir. 1989).

**Facts Supporting Compelling Need**

Priya Bhambi has pled guilty and been sentenced by this Court. She has been identified by the government as potential trial witness in this case. As the co-conspirator, there will be statements in her PSR (and

objections) that come within the hearsay exception and are critical issues in the case against Mr. Montronde.

Defendant seeks disclosure of her statements accepting responsibility; her version of the offense to which she pled guilty; documents relating to prior bad acts, medical or psychological infirmities; and any information that would tend to impeach the witness or exculpate Mr. Montronde.

### *In Camera* Review As an Alternative

In some instances where the defendant meets the criteria for disclosure, the court will not release the entire PSR, but only those portions that are relevant to the movant's targeted request for impeachment or exculpatory information after an *in camera* review of the PSR.

Cases where courts have released portions of PSRs demonstrate how this case falls on the side of the bright line in favor of disclosure. For example, courts have released those portions of PSRs to third parties that contain statements of cooperating witnesses; prior convictions and arrests and dispositions of prior charges; exculpatory and impeachment information; and medical and psychiatric reports, since such information may contain information that shows bias, motive, or otherwise affects the credibility of the witness. Gomez, supra.; United States v. Pike, 2011 WL 4344017 (D. Nev. 2011); United States v.

Deason, 2008 WL 906852 (M.D. Ga. 2008) (citing Gomez); United States v. Edwards, 191 F. Supp. 2d 88, 90 (D.D.C. 2002).  Compare, United States v. Martinello, 556 F. 2d 1215 (5th Cir. 1977) (defendant not permitted to obtain PSRs of co-defendants in the same case to determine what they told probation about the conspiracy for which they were convicted). Moreover, as with the disclosure of Brady material, the information sought by the movant need not be admissible into evidence at trial in order to obtain disclosure.  See, United States v. Rodriguez, 496 F.3d 221, 226 (2d Cir. 2007) (government obligation to disclose does not depend on whether information to be disclosed is admissible as evidence in its present form).

## CONCLUSION

The Defendant therefore requests that the Court order the disclosure of Bhambi's PSR (including objections), or in the alternative, conduct an *in camera* review of the PSR for the purpose of disclosing to the Defendant only those portions of the PSR that could be used for impeachment or are exculpatory to Mr. Montronde.

SAMUEL MONTRONDE
By his attorney,

/s/ Mark W. Shea                                              Dated: November 21, 2024
Mark W. Shea
Shea & LaRocque, LLP
88 Broad Street, Suite 101
Boston, MA  02110
617-577-8722
markwshea@shearock.com

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 21, 2024.

/s/ Mark W. Shea
MARK W. SHEA