UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES of AMERICA ) <br> ) <br> v.  ) <br>  ) <br> SAMUEL MONTRONDE, ) <br> ) <br> Defendant. ) <br> ) | Criminal No. <br> 23-10079-FDS-2 |

### ORDER ON DEFENDANT'S MOTION
### FOR JUDGMENT OF ACQUITTAL OR NEW TRIAL

**SAYLOR, C.J.**

In December 2024, after a three-day trial, defendant Samuel Montronde was convicted by a jury of three counts of wire fraud in violation of 18 U.S.C. § 1343 and acquitted of one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. Sentencing is currently scheduled for March 7, 2025.

Two weeks after the jury's verdict, defendant moved for judgment of acquittal under Fed. R. Crim. P. 29(c) and for a new trial under Fed. R. Crim. P. 33(a). In support of his motion to acquit, he challenges the sufficiency of the evidence presented on the elements of willful conduct and participation in the scheme. In support of his motion for new trial, he challenges the Court's admission of "emails that were used to defraud Takeda," asserting that there was no "evidence that [he] wrote them or was even aware of them." (Def. Mem. at 6). For the reasons set forth below, the motions will be denied.

**I.      Legal Standard**

A judgment of acquittal should only be granted when the evidence, including any

reasonable inferences from the evidence, viewed in the light most favorable to the verdict, are insufficient for a rational factfinder to conclude beyond a reasonable doubt that the defendant committed each element of the charged offense. *United States v. Pimental*, 380 F.3d 575, 584 (1st Cir. 2004). The court must consider all evidence, both direct and circumstantial, and resolves all evidentiary conflicts in favor of the verdict. *Id.* However, the court may not assess the credibility of the witnesses, as that is "a role reserved for the jury." *United States v. Rivera-Rodriguez*, 617 F.3d 581, 596 (1st Cir. 2010) (quoting *United States v. Troy*, 583 F.3d 20, 24 (1st Cir. 2009)). Nor does the court need to be convinced that "the government succeeded in eliminating every possible theory consistent with the defendant's innocence." *Id.*

This standard is a "formidable" one, and poses an "uphill battle" to defendants challenging convictions on insufficient evidence grounds. *United States v. Lipscomb*, 539 F.3d 32, 40 (1st Cir. 2008). Nevertheless, "despite the prosecution-friendly overtones of the standard of review, [review] of sufficiency challenges is not an empty ritual." *United States v. de la Cruz–Paulino*, 61 F.3d 986, 999 n.11 (1st Cir. 1995) (citation and quotation marks omitted).

Under Rule 33(a), "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). Motions for a new trial are directed to the discretion of the court, which "may 'weigh the evidence and evaluate the credibility of witnesses, . . . [but] the remedy of a new trial is sparingly used, and then only where there would be a miscarriage of justice and where the evidence preponderates heavily against the verdict.'" *United States v. Merlino*, 592 F.3d 22, 32 (1st Cir. 2010) (quoting *United States v. Wilkerson*, 251 F.3d 273, 278 (1st Cir. 2001)). To obtain a new trial under Rule 33(a), a defendant must show that he was "denied a fair trial" in a way that "likely affected the trial's outcome." *United States v. Casas*, 425 F.3d 23, 38-39 (1st Cir. 2005).

II.     **Analysis**

    A.      **Motion to Acquit**

The government produced evidence at trial that defendant both participated in the scheme and did so willfully, such that, at the very least, "the guilty verdict finds support in a plausible rendition of the record." *United States v. Moran*, 312 F.3d 480, 487 (1st Cir. 2002).

Evidence was produced that defendant agreed to be the face of the sham consulting company, Evoluzione, with the understanding that, as an employee of Takeda, Priya Bhambi could not, (Trial Ex. 1.1); that he discussed opening bank accounts to receive direct payments from Takeda and then in fact opened such accounts himself, (Trial Exs. 1.7-9, 45, 45.1); that he signed a statement of work for $3.22 million that included the name of an employee he knew to be fictitious, (Trial Ex. 9); that he communicated with Takeda to set up direct payments to Evoluzione, (Trial Ex. 69); that he discussed the fabricated blog posts and fake testimonials on Evoluzione's website, (Trial Exs. 1.17, 1.18, 15, 16); that he was aware Takeda had paid $2.3 million into the accounts he had set up, (Trial Exs. 1.25, 21.01, 38, 51, 56, 94.2, 94.3); and that the only work plausibly done was the production of a 200-slide PowerPoint presentation containing no references to either Takeda or Evoluzione and based on "posts, researching about the stuff in the contract, [YouTube] videos . . . [and] a training course," (Trial Day 3 Tr. at 90-91).

That evidence, among other things, is plainly sufficient to support a jury's finding that defendant knowingly and willfully participated in the scheme. Accordingly, the motion to acquit will be denied.

    B.      **Motion for New Trial**

Without any additional explanation, defendant contends that a new trial is warranted because the Court erred in admitting "emails that were used to defraud Takeda, without any

3

evidence that [defendant] wrote them or was even aware of them." (Def. Mem. at 6).

As the Court explained in overruling defendant's objection at trial: "[I]t doesn't matter who wrote it or who it came from, it is a piece of evidence. . . . [I]f it is from the files of Takeda, it purports to be what it is, an email from Samuel Montronde, it's admissible. Whoever wrote it. And it could be Montronde, Bhambi, John Smith, it's admissible because it's . . . something . . . used to perpetrate the fraud." (Trial Day 2 Tr. at 67-68). Courts have affirmed the admission of emails under similar circumstances. *See e.g., United States V. Fluker*, 698 F.3d 988, 998-1000 (7th Cir. 2012); *United States v. Kaixiang Zhu*, 854 F.3d 247, 257 (4th Cir. 2017); *United States v. Wenxia Man*, 891 F.3d 1253, 1272 (11th Cir. 2018). And sufficient evidence was produced concerning defendant's use of the email account such that a jury could reasonably draw the inference that he did in fact author the messages sent from that address. Furthermore, defendant had every opportunity to challenge the authorship of the emails, and in fact did so at trial. (Trial Day 3 Tr. at 83, 136).

In sum, the Court finds the admission of the challenged emails to have been proper and thus a far cry from the sort of "miscarriage of justice" that would warrant the "sparingly used" remedy of a new trial. *Merlino*, 592 F.3d at 32 (quoting *Wilkerson*, 251 F.3d at 278). Accordingly, the motion for new trial will be denied.

### III.  Conclusion

For the foregoing reasons, defendant's motion for judgment of acquittal or new trial is DENIED.

**So Ordered.**

                                              /s/ F. Dennis Saylor IV
                                              F. Dennis Saylor IV
Dated: February 12, 2025             Chief Judge, United States District Court